In the matter of W. D. TROTTER, Public Administrator.

*Removal of Public Administrator—Failure to Renew Bond.*

Where a Public Administrator, having failed to renew his bond, tendered a bond with sureties in response to a notice served upon him, and it was not found that he was in default in any other particular, it was error in the Clerk to refuse to accept the bond so tendered.

This is an appeal from the Clerk of the Superior Court for the county of Guilford, heard before his Honor R. W. Winston at chambers in Oxford, N. C., on the ____ day of July, 1894.

On the second day of June, 1894, the Clerk of the Superior Court of said county issued notice to and had it served upon W. D. Trotter, Public Administrator for said county, to show cause, if any he had, why he should not be removed from the office of Public Administrator of said county for having failed to renew his bond as such officer on February 2, 1893, as required by law. The respondent appeared before the Clerk on the 19th day of June, 1894, as required by said notice, and filed his sworn answer, and therein and thereby attempted to show cause why he should not be removed, and used the same as an affidavit on the hearing, and he also put in evidence the record of the Superior Court of Guilford County, in the case entitled *The People of the State of North Carolina by the Attorney-General ex rel. W. D. Trotter* v. *Samuel S. Mitchell;* also copies of applications made by said Trotter for the issuance of letters of administration to him upon the estate of Charles E. Shober and Elijah Doak; also tendered to the Clerk a bond as Public Administrator executed by said respondent with sureties.

Upon hearing the case, the Clerk rendered judgment as follows:

" It is considered by the Court that the answer of the said Trotter is insufficient in law, and he having failed to renew his bond as Public Administrator on the 2d day of February, 1893, as required by law, and having failed to renew or tender a renewal of the same continuously ever since until after the service of the aforesaid notice, and having further shown his unfitness to continue in said office by his efforts to have estates committed to him without giving his bond, it is ordered and adjudged by the Court that the said W. D. Trotter be and he is hereby removed from the said office."

From this judgment the respondent appealed to the Judge of the Court who, at chambers in Oxford, decided and adjudged that there was no error in the ruling of the Court removing the respondent, and affirmed the order of removal, and from this judgment Trotter appealed.

*Mr. L. M. Scott,* for Trotter, appellant.
*Messrs. King & Dillard, contra.*

PER CURIAM: We have examined the authorities cited by counsel with much care, and after due consideration we conclude that his Honor erred in sustaining the action of the Clerk in refusing to accept the bond of Trotter upon the ground stated by him. It is not found that the said Trotter has been in default in any particular, except a failure to renew his bond, and this he offers to do in response to the notice served upon him.                    Reversed.